LAND AUTHORITY OF PUERTO RICO, Appellant, *v.* REGISTRAR OF AGUADILLA, Respondent.

No. 1167.   Submitted June 11, 1945.—Decided July 20, 1945.

*Francisco A. Arrillaga* and *Aureliano Rivas Rosario* for appellant.

MR. JUSTICE SNYDER delivered the opinion of the court.

The Land Authority of Puerto Rico acquired by exchange a parcel of land from Francisco L. Raffucci. The registrar, citing paragraph 6 of § 9 of the Mortgage Law, refused to register the deed of exchange on the ground that it failed to recite the name and surname of the person from whom Raffucci immediately acquired the property. The Land Authority has filed this administrative appeal from the ruling of the registrar.

Paragraph 6 of Article 9 and Article 75 of the Regulations are the pertinent provisions of law herein. They read as follows:

304

"Article 9.—Every record made in a registry shall set forth the following details:

" *   *   *   *   *   *   *

"6.—The name and surname of the person, or the name of the corporate body or legal entity from whom the property or rights to be recorded are immediately derived."

"Article 75. (Regulations)—Records of any kind shall be made in the following order:

" *   *   *   *   *   *   *

"Third.—The name and title of the person conveying the right or the name of the corpopration or legal entity who is the last grantor thereof." [1]

It would seem clear that these Articles do not require in a deed conveying dominion title the recital of the name and surname of the person from whom the conveyor acquired his title. The decision of March 6, 1884, of the *Dirección General del Registro de la Propiedad* is contrary to the contention of the registrar. This decision, as abstracted in the *Diccionario de Jurisprudencia Hipotecaria de España*, by Carlos Odriozola, reads as follows:

"The sixth requirement of Article 9 of the Mortgage Law is that every record shall set forth the name and surname of the person from whom the property or rights to be recorded are immediately derived, that is, the name of the person who conveys or mortgages and not of his predecessor, for which reason if there appears in the deed the name of the person who constitutes the mortgage the requirement of Article 9 is fulfilled, and it is not necessary to state in the record the name and surname of the former owner of the property." (P. 619.)

Dato, *Repertorio Doctrinal y Legal de la Jurisprudencia Civil*, makes a similar comment, at vol. 6, p. 205:

"The 6th requirement of Article 9 of the Mortgage Law does not refer to the predecessor of the person conveying the title or real property, but to the person conveying it, and the absence of the title of acquisition required by Subdivision 3 of Article 29 of the Regulations, does not prevent its being recorded, after examining

---

[1] See also §§ 21, 30, Mortgage Law.

the records of the office, as was held by the General Directorate on March 6, 1884." [2]

In examining this question, Martínez Escobar, *Las Inscripciones*, makes the following comment at vol. II, p. 203:

"Every record shall set forth, besides the matter set forth in the three preceding chapters, *the name and surname of the person*, if it be a specific person (No. 5, Article 9 of the Law), or otherwise, *the name* of the corporate body or the collective name of the persons interested *in whose favor the recordation is made*.

"They shall likewise set forth (No. 6) *the name and surname* of the person, or *the name* of the corporation or legal entity *from whom the property or rights to be recorded are immediately derived*.

"In all of them, no matter what their form be, there shall be set forth, among other things, the name and *title of the person conveying the right* or the name of the corporation or legal entity *from whom it was immediately derived* (No. 3, Article 75 of the Regulations) and the name of the person, entity, corporation, or collectivity, *in whose favor it is conveyed* (No. 5).

"Still clearer: the names of the person *conveying* the right to be recorded and *to whom* it is conveyed." (Italics in the original.)

Galindo and Escosura, in their *Comentarios a la Legislación Hipotecaria de España*, say at vol. 2, pp. 337–8:

"With all due respect to the authoritative opinion of such an eminent jurist, we must admit we have not been convinced. Even if there is no conveyance, there is a constitution of title; and the latter *is derived* from the person who is the owner of the property, whose name, according to subdivision 6, must be set forth in the record. If, as was understood by La Serna, it really were impossible to set forth in the mortgage record the name of the person from whom it is derived, the exception would have been included in Article 9 and not in Article 30; but as the exception is not contained in the former, we still believe, notwithstanding the reasons given by the highest authority among the commentators on the law, that the mortgage record may and should contain, pursuant to

---

[2] Subdivision 3 of Article 29 above-mentioned reads thus:

"Article 29.—Records of any kind shall be made in the following order:

" *       *       *       *       *       *       *

"3.—The name and title of the person conveying the right."

subd. 6, Article 9, the name and surname of the person from whom the mortgage right is derived (see Judgment of April 24, 1883).

"This statutory provision could be fulfilled if the words 'the person from whom the property or rights to be recorded are immediately derived' were not understood to mean the party executing the contract, but his predecessor; that is, the person from whom the one executing the mortgage had received the property or rights. The exception would then be clear; when the owner mortgages his property to secure the loan, he creates a real right which he received from no one, and which, therefore, was not derived from anyone; but this is not possible in the conveyance of real property, because property is not created, except in very special cases, even without overlooking the fact that buildings are considered accessories to the land. We thus see that where an estate is sold, it is an essential requisite to state the name of the person from whom the person conveying it acquired the property, whether by inheritance from Antonio or by purchase from Pedro; but since the mortgage right is not inherited or bought from anyone, but is created at that very moment, it would be impossible to fulfill said statutory requirement.

"But this construction is not admissible: the person from whom the property or rights to be recorded are *immediately* derived, is not the predecessor of the contracting party, but the contracting party himself; in the case of the predecessor, it is *mediately* derived. (See Judg. of Nov. 24, 1882.)

"By accepting this notion of subdv. 6, an inexplicable omission would result in the provisions of Article 9, if the words 'person from whom the property is immediately derived' should mean his predecessor and not the contracting party; the law would have forgotten to require as a necessary element the name of one of the contracting parties in the record, and this omission would certainly be a more justifiable cause for nullity than the omission of the name of the predecessor of the person conveying or mortgaging the property."

Finally, this court in *Pereira* v. *The Registrar of Property,* 20 P.R.R. 58, used the following language at p. 60:

"Besides, in providing that the name of the person, corporation or legal entity from whom the property or right to be recorded is immediately derived, shall be set forth in the record, paragraph 6 of article 9 of the Mortgage Law does not refer to the predecessor

in title of these. Therefore, as the deed whose admission to record is sought contains said requisites, it cannot be held that it contains a curable or incurable defect because of its failure to state the title of acquisition of the person conveying the right, for the omission of that detail does not prevent the registrar from supplying the same in the record by referring to the date shown by his books for the purpose of complying with subdivision 3 of article 75 of the Regulations for the execution of the Mortgage Law."[3]

The ruling of the registrar will be reversed and he will be ordered to register the deed of exchange free and clear of any defects.

---

[3] The registrar relies chiefly on one paragraph in our opinion in *Ubiñas* v. *Registrar*, 64 P.R.R. 465, reading as follows:

"There is no doubt that if a sale or conveyance of the ownership of the property were involved, the registrar would be justified, not only in noting the defect of the failure to state the vendor's title, but also in denying the record, since the ltater would be void if made without complying with the aforesaid legal requisite."

But when that language is read in its context and in the light of our holding in the *Ubiñas* case—we held there that a mortgage deed need not recite the name of the person from whom the mortgagor acquired the property—it is clear that it does not have the scope attributed to it by the registrar. To avoid any further confusion, we add that we now hold that the name and surname of the predecessor in title of the conveyor does not have to be included in a deed conveying dominion title.